# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

MARIAH GRANGER                                                    PLAINTIFF

V.                          CASE NO. 3:17-CV-263-BD

SOCIAL SECURITY ADMINSTRATION                        DEFENDANT


## MEMORANDUM OPINION AND ORDER

Plaintiff Mariah Granger has appealed the final decision of the Commissioner of

the Social Security Administration denying her claim for supplemental security income.

Both parties have submitted appeal briefs, and the case is ready for decision.[1]

### I.    Background:

Ms. Granger alleges that she became limited in her ability to work due to a hearing

impairment, Raynaud's disease, scoliosis, lung disease, a heart condition, intestinal

problems, and hypoglycemia. (SSA record at 171) After conducting a hearing, the

Administrative Law Judge[2] ("ALJ") concluded that Ms. Granger had not been under a

disability within the meaning of the Social Security Act ("the Act") at any time since

January 8, 2015, the application date. (*Id*. at 22) The Appeals Council denied a request

for review of the ALJ's decision, making the ALJ's decision the final decision of the

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket entry #4)

[2] The Honorable Bradley L. Davis.

Commissioner. (*Id*. at 1-3) Ms. Granger then filed her complaint initiating this appeal. (#2)

Ms. Granger was 19 years old at the time of her hearing and had received a high school diploma after being home-schooled. (*Id*. at 38-39) She lived with her mom, dad, and sister. (*Id*. at 38) She did not have a job and had never applied for one. (*Id*. at 40-41)

## II.     The ALJ's Decision:

The ALJ determined that Ms. Granger had not engaged in substantial gainful activity since January 8, 2015, and that her bilateral sensorineural hearing loss, asthma, and leg-length discrepancy were severe impairments; but, she did not have an impairment or combination of impairments that met a listed impairment. (*Id*. at 22-24) He further found that Ms. Granger's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible because they were not consistent with the medical evidence. (*Id*. at 25-26)

Based on these findings, the ALJ concluded that, during the relevant time period, Ms. Granger retained the residual functional capacity ("RFC") for light work except she could not be exposed to noise above the moderate level as defined in the Dictionary of Occupational Titles; was limited to hearing and understanding simple oral instructions; must avoid hazards such as unprotected heights or dangerous moving machinery; must not have concentrated exposure to temperature extremes, humidity, dust fumes or other pulmonary irritants; and was limited to simple, routine tasks with only incidental contact with the public. (*Id*. at 24)

The ALJ found that Ms. Granger had no past relevant work. (*Id*. at 28) At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find, based on Ms. Granger's age, education, work experience and RFC, that she was capable of performing work in the national economy as a router and merchandise marker, both of which are classified as light, unskilled work, with an SVP of 2. (*Id*.) The ALJ determined, therefore, that Ms. Granger was not disabled. (*Id*. at 29)

III.    **Discussion:**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record and free of legal error. *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Id*. (citing *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (other citation omitted). Substantial evidence on the record *as a whole* requires a court to take into account record evidence that both supports and detracts from the ALJ's decision. *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 557 (8th Cir. 2018) (citation omitted). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009) (citations omitted).

**A. Issues on Appeal**

Ms. Greenway claims the ALJ erred in finding she had the RFC to perform a limited range of light, unskilled work. She asserts that the ALJ should have categorized her anxiety as a severe impairment and that she could not meet the walking, standing,

lifting and carrying requirements of light work. The Commissioner responds that there is

substantial evidence to support the ALJ's RFC finding.

### B. Mental Impairment

At step two of the sequential disability-determination process, a claimant must

prove that she has a severe impairment. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)

(explaining that the Commissioner bears the burden at step five of the sequential

evaluation process, but that the claimant bears the burden at steps one, two, and four). If

the claimant fails to prove a severe impairment, the process ends. 20 C.F.R.

§ 416.920(a)(4)(ii). If the claimant demonstrates a severe impairment, the process

proceeds to the next step in the analysis. Once the claimant meets her step-two burden,

there is no reversible error in failing to identify all severe impairments so long as the

record shows that the ALJ considered all the medical evidence and all impairments, both

severe and non-severe.

Here, the ALJ found, at step two, that Ms. Granger's bilateral-sensorineural

hearing loss, asthma, and leg-length discrepancy were severe impairments. (*Id.* at 22) The

ALJ also considered Ms. Granger's claims of Raynaud's disease, scoliosis, heart

condition, intestinal problems, and hypoglycemia, but found that those impairments were

not severe impairments. (*Id.* at 14-15) The record supports the ALJ's assessment of Ms.

Granger's impairments.

Ms. Granger claims the ALJ erred by not classifying her anxiety as a severe

impairment. As support, she points to Alison L. Green, M.D.'s impression that Ms.

Granger had "severe anxiety"; to Natasha M. Wantulok, M.D.'s referring Ms. Granger to

Families Inc. for psychiatric treatment; and to Jane M. Sneed, M.D.'s comment that Ms. Granger's blood pressure might be high because she is a "very anxious person." (SSA record at 363, 369, 390)

The Commissioner responds that, because the evidence does not demonstrate that Ms. Granger's anxiety significantly limited her ability to perform the physical demands of work, the ALJ properly concluded that the impairment was not severe. The Commissioner also points out that the ALJ considered Ms. Granger's anxiety in limiting her to unskilled work.

The ALJ considered Ms. Granger's activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation in coming to his conclusion that her anxiety was not severe. (*Id*. at 22-23) He found she had no more than mild limitation in any area and no episodes of decompensation. He limited her to unskilled work.

The ALJ's conclusion is supported by substantial evidence in the record. Ms. Granger reported that she regularly socialized with others and had no problem getting along with others, following instructions, paying attention, and finishing what she started. (*Id*. at 185-86) Progress notes from Ms. Granger's medical records in 2014 and 2015 indicate that she did not seek regular treatment for anxiety. (*Id*. at 232, 288-89, 297, 349, 361, 367, 371, 373) Consulting examiner, Roger L. Troxel, M.D., found no evidence of a mood disorder. (*Id*. at 292)

Ms. Granger contends the ALJ should have further developed the record by sending her for a consultative mental examination. The ALJ is required to order

additional medical examinations only if the medical records in the file do not give sufficient medical evidence to determine whether the claimant is disabled. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011). The medical records presented to the ALJ here provided sufficient medical evidence to determine whether Ms. Granger was disabled.

When Ms. Granger applied for supplemental security income, she did not allege anxiety as a basis for applying for disability. (SSA record at 168, 173-74) At the hearing, Ms. Granger's counsel did not request a consultative mental examination. Treatment records document some complaints of anxiety but do not indicate that Ms. Granger sought routine care for anxiety. There is substantial evidence to support the ALJ's conclusion that Ms. Granger could perform work with simple, routine tasks so long as she had only incidental contact with the public.

### C. Physical Impairment

Ms. Granger further complains that the ALJ underestimated the severity of her physical impairments in determining that she could perform the walking, standing, lifting, and carrying requirements of light work. An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted).

The RFC assigned by the ALJ in this case is supported by medical evidence that is sufficiently clear to allow for an understanding of how Ms. Granger's limitations function in a work environment. The ALJ considered Dr. Troxel's consultative opinion and gave great weight to the portion of the opinion that was consistent with his physical examination.[3] (SSA record at 27) Dr. Troxel noted that Ms. Granger had decreased hearing, slightly reduced lumbar range of motion, a leg-length discrepancy, and an inability to tandem or heel-and-toe walk and to stand from a squatting position. (*Id*. at 290-92) He also noted, however, that she could walk and stand without an assistive device. (*Id*. at 291) He concluded she would have a moderate decrease in her ability to walk, stand, lift, and carry. (*Id*. at 292)

The ALJ considered Dr. Troxel's opinion along with the other evidence in the record. Janet Cathey, M.D., and Charles Friedman, M.D., state-agency physicians, found that Ms. Granger had no exertional limitations. As the ALJ noted, treating physician records mainly reflect treatment for Ms. Granger's hearing loss and pulmonary problems. (*Id*. at 26, 232-33, 239-41, 246-47, 264-49, 273, 280-82, 297-98)

The ALJ's RFC determination is supported by substantial evidence. He properly considered all medical, as well as other, relevant evidence in the record in making his determination. (*Id*. at 24-27) See *Harvey v. Colvin*, 839 F.3d 714, 717 (8th Cir. 2016) (ALJ's residual functional capacity analysis was not flawed where the ALJ properly

---

[3] The ALJ inadvertently referred to a consultative examination with William Young, Jr., M.D., even though he correctly cites to the report from the consultative examination done by Dr. Troxel. (SSA record at 27) Ms. Granger does not contend that this drafting error is grounds for remand.

weighed and considered the extensive medical evidence in the record in making the RFC determination); *Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (there was substantial evidence to support the RFC determination because it was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiffs limitations functioned in a work environment).

## IV.    Conclusion:

There is substantial evidence to support the Commissioner's decision to deny Ms. Granger's application for supplemental security income. The ALJ made no legal error. For these reasons, Ms. Granger's request for relief (#2) is DENIED, and the decision denying the application for benefits is AFFIRMED.

IT IS SO ORDERED this 28th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE